## Albo v. Jones & Laughlin Steel Corp.

*Louis Vaira*, for plaintiff.

*H. Parker Sharp, Alan D. Reister* and *Edward C. Ford*, de bene esse, for defendant.

EGAN, J., June 25, 1948.—This is defendant's rule on an appearance de bene esse, testing the jurisdiction of the Court of Common Pleas of Allegheny County to try an action in trespass for treble damages result-

ing from the cutting of trees on plaintiffs' land in Beaver County.

Plaintiffs' statement of claim alleges that defendant, through its servants or employes, entered upon plaintiffs' land located in Center Township, Beaver County, and without the consent of plaintiffs, cut down trees growing thereon and removed the same therefrom, and converted them to its own use. Plaintiffs further aver that the action is brought under the Act of June 24, 1939, P. L. 872, sec. 935, to recover treble damages of defendant. At common law such action was local, and should be brought in the county where the property was situated. This principle was reaffirmed in 1903 in Magee v. Pennsylvania Schuylkill Valley Railroad Co., 13 Pa. Superior Ct. 187; and in 1910 in Eckman v. Pennsylvania Coal Co., 39 Pa. C. C. 614. In 1 Standard Pa. Practice 511-512 (1934), the question of venue is discussed, and it is there stated:

"As a general rule, suits for the recovery or the protection of an interest in real property are local and must be brought in the county or jurisdiction wherein the realty is situated; . . . Independently of statute, the Pennsylvania courts recognize as local actions, triable in the proper county in which they arose, all actions for injuries to land, even though merely for damages thereto, such as actions for trespass to land, etc., etc."

The Act of 1939 confers no new right beyond that known at common law, but merely enlarges the measure of damages to a treble amount. While plaintiffs point to Goodrich-Amran Civil Practice, Rule 2179—Venue—calling attention to the Commentary under rule 2179-3—Actions in Trespass—we find that the complete note concludes with this sentence:

"If the cause of action was local in character, and not transitory, the venue would necessarily be limited to the county in which the property was located."

That is the opinion of this court.